IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OMAHA EXPOSITION AND RACING, INC., | ) | CASE NO.  CV |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND** |
| | ) | **REQUEST FOR INJUNCTION** |
| NEBRASKA STATE RACING | ) | |
| COMMISSION, | ) | |
| | ) | |
| Respondents. | ) | |

COMES NOW, The Plaintiff, by and through counsel and requests the Court enter an Injunction in its favor and enjoining/prohibiting the Defendant, Nebraska State Racing Commission from enforcing a directive that the Plaintiff cease and desist the activity of accepting wagers placed on televised interstate simulcasting of horseracing authorized effective 11:59:59, December 31, 2017, and others, pursuant to Nebraska law and the Interstate Horseracing Act, 15 USC §3001, et seq, and states and alleges as follows in support of this Complaint.

1.    The Plaintiff is a Nebraska non-profit corporation authorized to do business in the State of Nebraska and operating licensed horseracing tracks and enclosures that include lawful acceptance of wagers placed on on simulcasting live horseraces conducted at other tracks in other states.

2.    Defendant, Nebraska State Racing Commission (hereinafter referred to as the "Commission"), is an administrative agency of the State of Nebraska located in Lancaster County, Nebraska.  The Commission's mailing address is:  5903 Walker Avenue, Lincoln, Lancaster County, Nebraska 68507 and is a party to this proceeding.

3.    The Nebraska Racing Commission is represented by:

Nebraska Attorney General, Douglas Peterson
and Laura Nigro, Assistant Attorney General
Rm. 2115 State Capitol Building
PO Box 98920, Lincoln, NE  68509-8920
Representing the Nebraska State Racing Commission

4.    The basis for this Court's jurisdiction is based upon a federal question of the enforcement of the Interstate Horseracing Act, 15 USC §3001, et seq. (15 USC §3007(a)) and issues of pre-emption, and unreasonable restrictions being imposed

upon interstate commerce and wagering as regulated by Congress.

5.    On or about October 20, 2017, the Plaintiff filed a written application for authorization seeking approval to conduct interstate simulcasting operations in Nebraska at its licensed racetracks, Horsemen's Park and Lincoln Race Court for 2018.  (Exhibit 1)

6.    On or about October 25, 2017, at a monthly public meeting of the Nebraska State Racing Commission, the Commission announced that the Plaintiff's applications to conduct interstate simulcasting operations at Horsemen's Park in Omaha, Douglas County, Nebraska and Lincoln Race Course in Lincoln, Lancaster County, Nebraska, had been approved (see attached minutes of Racing Commission Meeting) (Exhibit 2)

7.    On December 19, 2017, at a monthly public meeting of the Commission, an announcement was made by the Commission that all simulcasting agreements expired at 11:59:59, notwithstanding Petitioner's applications had been approved and including the fact that the Petitioner met all applicable legal requirements including, in relevant part, having entered into an interstate simulcasting agreement with Nebraska Horsemen's Benevolent Protective Association, Inc. as required by Neb. Rev. Stat. §2-1227 ("No application shall be approved by the commission without a written agreement between the receiving track and the sending track relating to the simulcast.  The written agreement between the receiving track and the sending track shall have the consent of the organization representing a majority of the licensed owners and trainers at both the sending and the receiving track.")  The Commission sent written electronic communication to Petitioner and others expressing its final decision/order in the matter, again ordering cessation of interstate simulcasting operations.  No written Orders were issued to such effect, however, the Commission sent Plaintiff two emails, one dated December 27, 2017 and one dated December 29, 2017, containing such directive. (Exhibit 3)

8.    The Nebraska Racing Commission is ordering Plaintiff to cease lawful activity for which is qualified, authorized and which Plaintiff satisfies all reasonable and lawful requirements effective 11:59:59, December 31, 2017, unless the Horsemen's

Benevolent and Protective Association, Inc. executes contracts with each and every racetrack in the State of Nebraska, which, therefore, engages in unreasonable restraint on interstate commerce and wagering, conflicts with the Interstate Horseracing Act's specific contemplation of situations certain tracks may not obtain a contract or engage in protracted negotiation. See, 15 USC §3004(a) ((See *PLIVA v. Mensing,* 564 US 604 (2011) and Horsemen's Benevolent and Protective Association, Inc- Ohio Division v. DeWine, 666 F3d 997 (2012))

9.    Nebraska Horsemen's Benevolent Protective Association, Inc. (NE-HBPA), is recognized by the Commission as the organization representing a majority of licensed owners and trainers at both the sending and the receiving track as intended by Neb. Rev. Stat. §2-1227.

10.    On or about December 22, 2017, the Plaintiff sent proof of its written agreement it had executed with the NE-HBPA to the Nebraska State Racing Commission. (Exhibit 4)

11.    The United States Congress has authority to regulate interstate commerce pursuant power granted by the United States Constitution and has, with respect to the activity of conducting televised interstate simulcasting and wagering horseracing, exercised its authority to regulate this activity through enactment of the Interstate Horseracing Act, 15 USC §3001, et seq.

12.    The Congress of the United States has granted the Horsemen's Benevolent and Protective Association incredible powers insofar as Congress vested with the "Horsemen" that a condition precedent to a race track's engagement in wagering on televised interstate simulcasting fir wagering on horseraces, the requirement that each association/track must have a written agreement with the horsemen's group. 15 USC §3004(a).

13.    In addition to the October 25, 2017 Nebraska State Racing Commission approval of Plaintiff , the Plaintiff also has a written agreement with the Nebraska Horsemen's

3

Benevolent and Protective Association and, therefore, has satisfied all requirements which may lawfully have been imposed upon it by the Nebraska State Racing Commission. The Plaintiff further provided proof of such agreement with the Nebraska State Racing Commission. (Exhibit 4)

14.    Accordingly, the Commission's directive to Plaintiff to cease and desist interstate simulcasting activity directing Petitioner to cease simulcasting operations effective 11:59:59 on December 31, 2017, for the following reasons:

(a)    The Commission has deprived Plaintiff due process of law by attempting to rescind the approval of its application without hearing and by imposing a directive that the HBPA must approval all Nebraska Racetrack interstate simulcasting applications which is violates 15 USC §3004(a);

(b)    The Commission's directive  to the Plaintiff to cease such activity (attached hereto as exhibit) unreasonably restricts interstate commerce;

(c)    The Commission's directive is unlawfully regulates interstate commerce pre-empted by 15 USC §3001, et seq. (See *PLIVA v. Mensing,* 564 US 604 (2011) and Horsemen's Benevolent and Protective Association, Inc- Ohio Division v. DeWine, 666 F3d 997 (2012))

(d)    the Commission's final decision is contrary to law;

(e)    the decision of the Commission is unsupported by competent material and substantial evidence in view of the entire record;

(f)    the record fails to show any valid basis upon which the findings and Order of the Commission is premised;

(g)    the record establishes that the Commissioner considered and accepted incompetent, irrelevant and immaterial evidence regarding agreements (or a lack thereof) between Fonner Park and NE-HBPA;

(h)    the record establishes that the Petitioner has an agreement with NE-HBPA, that such was in the possession of the Commission since at least December 22, 2017, and, therefore, satisfies the requirements of law to conduct interstate simulcasting operations, but notwithstanding having satisfied all statutory requirements, the Commission issued another written order on December 27, 2017, direction Petitioner to cease such operations;

(i)    the record establishes that the Commission's Order rescinded/suspended its approval of Petitioner's license application to conduct interstate simulcasting operations without hearing and, therefore, denied Petitioner due process of law;

(j)    there is no statutory or legal basis to rescind/suspend and the Commission's Order

4

granting Plaintiff's Application to conduct interstate simulcasting and wagering on horseracing and, therefore, its directives dated December 27, 2017 and reiterated on December 29, 2017, are, therefore, arbitrary and capricious, deny Plaintiff due process, unreasonably restrict interstate commerce and wagering, and conflict with 15 USC §3001, et seq.

15.     The exhibits attached hereto are incorporated herein by reference in support of this Complaint and request for injunction.

16.     There is no adequate remedy at law and irreparable harm will be sustained by Plaintiff if the Court does not enter relief herein. (See Exhibit 5).

17.     The Plaintiff is likely to prevail on the merits of this case.

18.     The Plaintiff previously pursued Judicial Review of the Nebraska Racing Commission's directive to the District Court of Lancaster County pursuant to Nebraska's Administrative Procedure Act., Neb. Rev. Stat. §84-917.  However, the Court found that the APA requires a final Order be entered and attached to the Petition for Judicial Review and, therefore, denied the request for an Order granting a Stay as otherwise permitted by the APA, notwithstanding the Nebraska Racing Commission is not acting by and through a "Final Order" revoking, rescinding or suspending Plaintiff's authority to engage in Interstate Simulcasting Activity.  Instead, the Commission is acting by and through emails directing Plaintiff to cease such activity effective 11:59:59 on December 31, 2017.   Accordingly, Plaintiff has no adequate remedy to seek and obtain relief from the Racing Commission's directive. (Exhibits  6, 7)

19.     Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

WHEREFORE, Plaintiff prays the Court enter an Injunction which prohibits and enjoins the Nebraska Racing Commission from enforcing its directive that Plaintiff cease such interstate simulcasting and wagering on horseraces and authorizing Plaintiff to engage in such activity until

further Order of the Court.

OMAHA EXPOSITION AND RACING
INC., Plaintiff,


By:     *s/Christopher D. Jerram*
        Christopher D. Jerram #19730
        WOODKE & GIBBONS, PC, LLO
        619 N. 90th St.
        Omaha, NE 68114
        (402) 391-6000
        (402) 391-6200 (fax)
        cjerram@woglaw.com
        ATTORNEY FOR PLAINTIFF

6



Reply Reply Forward IMDelete Move to Create Other Actions Junk Categorize Follow Mark as
to all       Folder  Rule  Actions  Select         Up  Unread

crnwlf [crnwlf@windstream.net]
Mike Newlin; barry isle; Pat Shefland; Christy Harris
Mike Newlin
Re: Live Race Date Applications and Simulcast Facility Applications

Pat, please complete these with the (6) May dates I gave you for LR I have these in 2 days #15

**From:** Van Deun, Diane [mailto:Diane.Vandeun@nebraska.gov]
**Sent:** Friday, October 20, 2017 11:08 AM
**To:** 'Dan Clarey' <dclarey@neb.rr.com>; 'bruceswihart@aol.com' <bruceswihart@aol.com>; Pat Shefland <pats@horsemenspark.com>; Mike Newlin <charris@lincolnracing.com>; aboggs@hochunkinc.com; fairplaypark@alltel.net
**Subject:** Live Race Date Applications and Simulcast Facility Applications

Applications are due by 5pm today!!  Please scan and email your applications and then mail the originals along with your payment to me today.

Thanks,

Diane Van Deun

NE Racing Commission

5903 Walker Ave

Lincoln NE  68507

402-471-4155

# Christopher Jerram

| | |
|---|---|
| **From:** | Pat Shefland <pats@horsemenspark.com> |
| **Sent:** | Friday, December 29, 2017 2:32 PM |
| **To:** | Christopher Jerram |
| **Subject:** | FW: 2018 Lincoln Race Course Applications |
| **Attachments:** | 2599_001.pdf |

**From:** Pat Shefland
**Sent:** Friday, October 20, 2017 4:05 PM
**To:** Van Deun, Diane
**Cc:** Sage, Tom
**Subject:** 2018 Lincoln Race Course Applications

**From:** hpomaharacing@gmail.com [mailto:hpomaharacing@gmail.com]
**Sent:** Friday, October 20, 2017 3:58 PM
**To:** Pat Shefland
**Subject:** Scanned Document

**Total Control Panel**                                                                                                      Login

To: cjerram@woglaw.com                    Remove this sender from my allow list
From: pats@horsemenspark.com

*You received this message because the sender is on your allow list.*

1

# RACING COMMISSION
## STATE OF NEBRASKA

### APPLICATION FOR SIMULCASTING FACILITY LICENSE

**To:**   **Nebraska State Racing Commission**
**5903 Walker Avenue**
**Lincoln, Nebraska 68507**

Pursuant to the provisions of the Revised Statutes of Nebraska and supplements thereto Article 12, Section 2-1201 through 2-1229, application is hereby made to the Nebraska State Racing Commission for a **SIMULCAST FACILITY LICENSE** for the display of horse races on which pari-mutuel wagering shall be allowed from a sending track located in the state, and an **INTERSTATE SIMULCAST FACILITY LICENSE** to receive the simulcast of horse races for pari-mutuel from any track located outside the state. This license shall authorize the applicant during the calendar year 2018 to display the simulcast of races, from a track located in the state subject to approval by the Nebraska Racing Commission of one or more applications meeting the requirements of Section 2-1227, and from tracks located outside the state subject to approval of the Nebraska Racing Commission of one or more applications meeting the requirements of Section 2-1229.

I.   **Applicant:** Omaha Exposition & Racing Inc (dba Lincoln Race Course)
   a.   **Office or principal place of business:**

   7055 S. 1st Street
   ------------------------------------------
   **(Street)**

   Lincoln                    Lancaster
   ------------------------------------------
   **(City or town, county)**

   Nebraska
   ------------------------------------------
   **(State)**

   Nebraska
   ------------------------------------------
   **(If corporation the name of the state of incorporation)**

   b.   **The names and addresses of all officers and directors of applicant:**

   See Attached

   c.   **The land upon which racetrack is erected is owned by**

   NE Horsemen's Benevolent & Protective Assoc

   **And is located at** 7055 S. 1st Street
   ------------------------------------------
   **(Street)**

   Lincoln     .     Lancaster
   ------------------------------------------
   **(City or town, county)**

   Nebraska
   ------------------------------------------
   **(State)**

II.   **Applicant agrees to furnish any additional information requested by the Commission as provided by law.**

III.   **Applicant represents that simulcast races will be conducted the Pari-mutuel System will be operated in accordance with the aforementioned law and in strict compliance with the rules and regulations promulgated by the Nebraska State Racing Commission.**

   **(Signed)** *[signature]*

   **(Title/Date)** Vice President of Racing Operations

Omaha Exposition & Racing Inc
Officers

| Name | Address | | | DOB | Involvement | Ownership |
|------|---------|---|---|-----|-------------|-----------|
| Craig Wulf | 6000 Meridan Dr, Apt 19 | Lincoln, NE | 68504 | 2/19/1969 | President | 0% |
| Larry Donlin Jr | 19802 Capehart Rd | Gretna | 68028 | 12/20/1962 | Vice President | 0% |
| Earl Baker | 5705 Hascall | Omaha, NE | 68106 | 1/16/1951 | Vice President | 0% |
| Stan Benis | 10416 Jefferson Circle | Omaha, NE | 68127 | 12/21/1956 | VP / Treasurer | 0% |
| Patricia Sheffand | 5017 S. 99th St | Omaha, NE | 68127 | 3/17/1953 | Asst Treasurer | 0% |
| Lisa Dugger | 3322 S. 121st St | Omaha, NE | 68144 | 10/1/1977 | Executive Secretary | 0% |
| Michael Newlin | 1229 Limerick Rd | Papillion, NE | 68046 | 8/24/1966 | Vice President of Racing Operations | 0% |

NOTE: This application must be filed with the Commission at least sixty (60) days prior to the first Racing day.

# NEBRASKA STATE RACING COMMISSION
## APPLICATION FOR LICENSE

**Submit to: Nebraska State Racing Commission, 5903 Walker Avenue, Lincoln NE 68507**
**License Fee of $ 50.00 per race day accompanies this application.**

Pursuant to the provisions of the Revised Statutes of Nebraska, Reissue of 1962 and 1965 Supplement. Thereto Article 12, Section 2-1201 through 2-1219 providing for the licensing and authorizing the racing of horses under the "Pari-mutuel" or "Certificate" System, **Omaha Exposition & Racing Inc    (Lincoln Race Course)** hereby make application for a State License to conduct horse races and to use in connection therewith the said "Pari-mutuel or Certificate System" of contribution and distribution of money as set forth in said act. **Nebraska Corporation organized for the promotion of Horse racing/Livestock**

The undersigned respectfully shows that:

1. The applicant is a non-profit sharing **Nebraska Corporation**
   (HERE STATE WHEThER ASS'N OR CORP.)

having its office or principal place of business at **7055 S. 1st Street    Lincoln    Lancaster**, Nebraska
STREET ADDRESS    CITY OR TOWN    COUNTY
(IF CORPORATION THE NAME OF THE STATE OF ITS INCORPORATION)

2. The names and addresses of all officers and directors of applicant are as follows:

**See Attached**

3. The land upon which applicants plant is erected is owned by **NE Horsemen's Benevolent & Protective Assoc** and is located at **7055 S. 1st Street    Lincoln    Lancaster**, Nebraska.
STREET ADDRESS    CITY OR TOWN    COUNTY

4. The proposed dates of the meeting are for **2** days from **June    TBD    2018** to , both inclusive, between the hours of **1:00 – 8:00 PM**

5. **License Fee of $ 50.00 per race day accompanies this application.**

6. Applicant agrees to furnish any additional information requested by the Commission as provided by law.

7. Applicant further specifically states, that no other person, other than those named herein, has any interest, directly or indirectly, in the race course described, and that the applicant has no agreement, tacit or express, or understanding, express or implied, with any other person whereby such other person is to have, directly or indirectly, any interest whatever in the license to be issued on this application of the racing of horses thereunder, or the operation at said race course of said "Pari-mutuel or Certificate System."

8. Applicant further represents that said races will be conducted and the Pari-mutuel or Certificate System will be operated in accordance with aformentioned law and in strict compliance with the rules and regulations made and promulgated by the Nebraska State Racing Commission, and that they are ready, able and willing to give bond as required by law, in such sum as the Commission may require and fix upon granting the license applied for and they are ready, able and willing to pay the license fee required by law, and in all other respects to comply with said statutes, rules and regulations.

(Signed) _____    **Vice President of Racing Operations**
TITLE OF AFFIANT

### ACKNOWLEDGMENT

STATE OF NEBRASKA,

County of **Douglas** ss,

**Michael Newlin** being first duly sworn, says that he is the **VP of Racing Operations**

of **Omaha Exposition & Racing Inc** and the statements and answers made in the foregoing application are true.

Subscribed and sworn to before me this **20** day of **October** ,

GENERAL NOTARY - State of Nebraska
PATRICIA J. SHEFLAND
My Comm. Exp. December 2, 2017

_____
NOTARY PUBLIC

C:\Users\Pat Shefland\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\JAA8JIXY\track_license_app.doc
10/9/03

Omaha Exposition & Racing Inc
Officers

| Name | Address | | DOB | Involvement | Ownership |
|------|---------|--|-----|-------------|-----------|
| Craig Wulf | 6000 Meridan Dr, Apt 19 | Lincoln, NE 68504 | 2/19/1969 | President | 0% |
| Larry Donlin Jr | 19802 Capehart Rd | Gretna 68028 | 12/20/1962 | Vice President | 0% |
| Earl Baker | 5705 Hascall | Omaha, NE 68106 | 1/16/1951 | Vice President | 0% |
| Stan Benis | 10416 Jefferson Circle | Omaha, NE 68127 | 12/21/1956 | VP / Treasurer | 0% |
| Patricia Shetland | 5017 S. 99th St | Omaha, NE 68127 | 3/17/1953 | Asst Treasurer | 0% |
| Lisa Dugger | 3322 S. 121st St | Omaha, NE 68144 | 10/1/1977 | Executive Secretary | 0% |
| Michael Newlin | 1229 Limerick Rd | Papillion, NE 68046 | 8/24/1966 | Vice President of Racing Operations | 0% |

# NEBRASKA STATE RACING COMMISSION
## MINUTES OF MEETING

|  |  |
|---|---|
| DATE: | October 25, 2017 |
| TIME: | 1:30 p.m. |
| LOCATION: | Nebraska Racing Commission |
|  | Conference Room |
|  | 5903 Walker Avenue |
|  | Lincoln NE |

PRESENT COMMISSIONERS:                    ABSENT:



| | |
|---|---|
| Dennis P. Lee | Chairman |
| Janell Beveridge | Vice Chairperson |
| Helen Abbott Feller | Commissioner |
| Jeffrey Galyen | Commissioner |
| Thomas Patterson | Commissioner |

Chm. Lee convened the meeting at 1:37 pm in compliance with the provision of Neb. Rev. Stat. 84-1411. Notice of the meeting was published in the Lincoln Journal Star. In addition, copies of such notice were sent to those on the Racing Commission agenda mailing list. Notification was given to the public of the open meetings law and notification to its location for public view.

## APPROVAL OF MEETING MINUTES AND FINANCIAL REPORTS

Galyen moved, seconded by Feller to approve the minutes from July 20, 2017. Voting aye: Lee, Galyen, Feller, Patterson. Abstain: Beveridge. Motion carried. Feller moved, seconded by Patterson to approve the July, August and September, 2017 Financial Reports. Voting aye: Lee, Beveridge, Galyen, Feller, Patterson. Motion carried.



## APPROVAL OF SIMULCAST APPLICATIONS RECEIVED SINCE JULY 20, 2017

All applications have been submitted with a few additions or changes. Beveridge moved, seconded by Galyen to approve. Voting aye: Lee, Beveridge, Galyen, Feller, Patterson. Motion carried.

## HEARING: 2018 LIVE RACE DATE AND SIMULCAST FACILITY APPLICATIONS

Feller moved, seconded by Beveridge to approve the following live race dates for 2018:

**Fonner Park** - Grand Island
February 23, 2018 – May 5, 2018
31 days of live racing

**Horsemen's Park** – Omaha
May 12, 18, 19, 26, 27, 2018 and June 1, 2, 8 and 9, 2018
9 days of live racing

**Columbus Exposition & Racing** – Columbus
August 3 – September 3, 2018
14 days of live racing

**Lincoln Race Course** – Lincoln
September TBD, 2018
2 days of live racing

**South Sioux City Racing & Events Center** – South Sioux City
September 8, 2018 (September 9, 2018 backup date)
1 day of live racing

**Hastings Exposition and Racing** – Hastings
August TBD, 2018
1 day of live quarter horse racing

Thoroughbred = 57 days of live racing

Quarter horse = 1 day of live racing

Voting aye: Lee, Beveridge, Galyen, Feller, Patterson. Motion carried.
Chm. Lee moved, seconded by Beveridge to approve the 2018 Simulcast Facility Applications that were submitted for Fonner Park, Horsemen's Park, Lincoln Race Course and Hastings. Voting aye: Lee, Beveridge, Galyen, Feller, Patterson. Motion carried.

SOUTH SIOUX CITY RACING & EVENTS INC
The waiving of Rules 3.003.04 and 3.003.08 and the Racing Officials were approved
prior to the meeting by the Commission via email. One error, the spelling of a name, was
mentioned and the Commission approved the changes by Chm. Lee moving and Feller
seconding. Voting aye: Lee, Beveridge, Galyen, Feller, Patterson. Motion carried.

NTBA REQUEST DISCUSSION OF PAYING BREED FUNDS – CONTINUED
FROM JULY 20, 2017 MEETING
Chm. Lee moved, seconded by Feller to continue this until the next Commission meeting
which will be in December. Chm. Lee asks that the parties that have submitted briefs that
if they would consider, and he would encourage, they submit supplemental briefs by
Friday, December 1, 2017. In the briefs the Commission is specifically interested in the
legal position that's supported by statute or case law as it relates to who should be the
custodian of the NTBA funds. If the parties also want to submit affidavits as to who is or
has been and continues to be the custodian of each of the tracks' NTBA funds, that would
be very helpful. Chm. Lee also would like the methodology implemented by those
licensees and their controlling entities related to distribution and the process. In regards
to the briefs and any affidavits, these will need to be submitted to Tom at the
Commission office and also shared with the other parties' that made an appearance at the
Commission meeting of July 20, 2017 which was the Breeders' and their council, the
HBPA and its council and Fonner Park and its council. Voting aye: Lee, Beveridge,
Galyen, Feller, Patterson. Motion carried.

BRENDA ENSMINGER – FINANCIAL – DR. DIANE SIMMONS
Brenda Ensminger was not present. Dr. Diane Simmons was present. 2.002.01All
exhibits were presented and accepted. Chm. Lee moved, seconded by Beveridge that
pursuant to Rules 2.002.01 and 10.004 that the license of Brenda Ensminger be
suspended due to financial responsibility and that she be denied access to all grounds
under the jurisdiction of the Commission until she pays Dr. Diane Simmons the amount
of $1,108.75. Voting aye: Lee, Beveridge, Galyen, Feller, Patterson. Motion carried.

MEETINGS WITH ASSOCIATIONS
Nebraska Thoroughbred Breeders' Association
NE Horsemen's Benevolent and Protective Association – Barry Lake informed the
Commission that they are working on the development of the race track in Lincoln.

The Commission went into recess at 2:29 pm to review a pending investigation.

The Commission reconvened at 2:38 pm. In executive session the Commission reviewed
a pending investigation. Beveridge moved, seconded by Feller to adjourn the meeting.
Voting aye: Lee, Beveridge, Galyen, Feller, Patterson. Motion carried.

ADJOURNMENT
The meeting adjourned at 2:39 pm.

Respectfully submitted,
Tom Sage
Executive Secretary

**From:** Sage, Tom [mailto:Tom.Sage@nebraska.gov]
**Sent:** Wednesday, December 27, 2017 1:42 PM
**To:** toddwotto@gmail.com; Bruce Swihart; barryklake@yahoo.com; Lynn Schuller (lynnes@nebraskapropane.com); 'MNewlin@STATEFAIR.ORG'; Pat Shefland; Christy Harris; dclarey@neb.rr.com
**Cc:** denny@leelawoffice.com; jbeveri@nebnet.net; Helen Feller (hfeller@cableone.net); helen@fellercattleco.com; Jeff Galyen (jeff@krotterlaw.com); pattlaw@netzero.net; Van Deun, Diane
**Subject:** Winter Simulcasting

The Nebraska Racing Commission will delay approving any winter simulcasting applications. All tracks are authorized to simulcast until 11:59:59 pm on December 31, 2017.

The reasons for delaying the approval of winter simulcasting applications are as follows:

The Racing Commission has received NHBPA approval for simulcasting only for Horsemen's Park, Lincoln Race Course and Columbus Exposition and Racing. The Commission has not received any agreement from the NHBPA for simulcasting at Fonner Park.

The Commission will delay exercising its statutory authority in approving winter simulcasting until all thoroughbred tracks have simulcasting agreements with the NHBPA. Starting the New Year with state-wide simulcasting at all Nebraska tracks is extremely important and beneficial to the entire Nebraska racing industry. Having only partial simulcasting at some of the Nebraska tracks beginning January 1, 2018 is not in the best interests of the Nebraska racing industry.

If agreements cannot be made with all racetracks and the NHBPA simulcasting licenses will expire on January 1, 2018. Further, simulcasting agreements will be discussed and reviewed at the next Racing Commission meeting.  The next meeting has not been set at this time, but is anticipated to occur the first week of February, 2018.

The issue addressed in this email has been discussed with Chairman Lee. If you have any questions, please contact him.


Tom Sage



EXHIBIT
3

**From:** barry lake [mailto:barryklake@yahoo.com]
**Sent:** Friday, December 22, 2017 10:44 AM
**To:** Pat Shefland <pats@horsemenspark.com>
**Cc:** Tom Sage <tom.sage@nebraska.gov>; Lynne Schuller <lynnes@nebraskapropane.com>; Carolyn Legenza <hbpacarolyn@gmail.com>; Mike Newlin <mikenewlin@horsemenspark.com>
**Subject:** Jan 2018 simulcast agreements for Linc RAC and HP

Pat- see attached HBPA approved simulcast agreements. Please execute and forward to Tom Sage and copy me. Thanks

I added language authorizing the HBPA to obtain the electronic download of data from your tote company in the event that the HBPA purchases a software program to electronically download said data.

The track % payments is authorized only for the period of this agreement. Thanks

EXHIBIT
4

# WINTER SIMULCAST AGREEMENT 2017

## HORSEMEN'S PARK

(January 1, 2017 through February 19, 2017)

It is hereby agreed between "Horsemen's Park" and the Nebraska Division of the Horsemen's Benevolent & Protective Association, Inc., hereinafter referred to as "HBPA" that Horsemen's Park has the permission of the HBPA to interstate simulcast from the attached list of tracks for their respective fees.

The permission of the HBPA is expressly granted on the condition that after the cost of the signal, pari-mutuel taxes, Breeders' Fund and the Commission Fund and any other statutory requirements are deducted that the balance will be split as follows:— 52% of initial track share to Horsemen's Park, 47% of the initial track share for purses at Horsemen's Park, and 1% of the initial track share for the Nebraska HBPA or as per any addendums.

Parties further agree that all interstate simulcasting revenues dedicated for purse money shall be escrowed in a financial institution to bear interest and such interest shall be paid to the Nebraska HBPA Employee Benefit Trust Fund at the start of their succeeding live thoroughbred race meet (or as per any addendums) and further that Horsemen's Park shall give an accounting of these funds to the HBPA on a weekly basis.

It is further agreed by and between the parties that either party my cancel this agreement upon 48 hours written notice.

Dated this ____13____ Day of December 2016

_Barry Lake_
Barry Lake
President
Nebraska HBPA

_Pat Shefland_
Pat Shefland
Simulcast Coordinator
Horseman's Park

Approved by NE State Racing Commission

Tom Sage-Executive Secretary

Dennis Lee-Chairman

_December 29, 2016_
_Tom Sage_

# WINTER SIMULCAST AGREEMENT 2018
## *Horsemen's Park*
### (January 1 through February 22, 2018)

It is hereby agreed between **"Horsemen's Park"** and the Nebraska Division of the Horsemen's Benevolent & Protective Association, Inc., hereinafter referred to as **"HBPA"** that Horsemen's Park has the permission of the HBPA to interstate simulcast from the attached list of locations for their respective fees.

The permission of the HBPA is expressly granted on the condition that after the cost of the signal, pari-mutuel taxes, breeders' fund and the Commission Fund and any other statutory requirements are deducted that a portion of the balance will be used to fund one hundred percent (100%) of purses in 2018, based on up to ten (10) live race days.

*HP (DOES NOT APPLY BECAUSE WE PAY RENT TO HBPA )*

Parties further agree that all interstate simulcasting revenues dedicated for purse money shall be escrowed in a financial institution to bear interest and such interest shall be paid to the Nebraska HBPA Employee Benefit Trust Fund at the start of their succeeding live thoroughbred race meet (or as per any addendums) and further that Horsemen's Park shall give supporting documentation and an accounting of these funds to the HBPA on a weekly basis. Horsemen's Park will also allow the Nebraska HBPA to have electronic access to itemization of these funds, identified in common usage as track handle for each track with which is does business

It is further agreed by and between the parties that either party may cancel this agreement upon 48 hours written notice.

Dated this 21st day of December, 2017

*Barry Lake*
**Barry Lake**
President,
HBPA

**Pat Shefland**
Simulcast Coordinator
Horseman's Park

---

Approved by NE State Racing Commission
Tom Sage-Executive Secretary

_____

Dennis Lee-Chairman

_____

# WINTER SIMULCAST AGREEMENT 2018

## *Horsemen's Park*

### (January 1 through February 22, 2018)

It is hereby agreed between **"Horsemen's Park"** and the Nebraska Division of the Horsemen's Benevolent & Protective Association, Inc., hereinafter referred to as **"HBPA"** that Horsemen's Park has the permission of the HBPA to interstate simulcast from the attached list of locations for their respective fees.

The permission of the HBPA is expressly granted on the condition that after the cost of the signal, pari-mutuel taxes, breeders' fund and the Commission Fund and any other statutory requirements are deducted that a portion of the balance will be used to fund one hundred percent (100%) of purses in 2018, ~~based on up to ten (10) live race days.~~

*HP*
*(DOES NOT APPLY BECAUSE WE PAY RENT TO HBPA)*

~~Parties further agree that all interstate simulcasting revenues dedicated for purse money shall be escrowed in a financial institution to bear interest and such interest shall be paid to the Nebraska HBPA Employee Benefit Trust Fund at the start of their succeeding live thoroughbred race meet (or as per any addendums) and further that Horsemen's Park shall give supporting documentation and an accounting of these funds to the HBPA on a weekly basis.~~ Horsemen's Park will also allow the Nebraska HBPA to have electronic access to itemization of these funds, identified in common usage as track handle for each track with which is does business

It is further agreed by and between the parties that either party may cancel this agreement upon 48 hours written notice.

Dated this 21st day of December, 2017

*Barry Lake*

**Barry Lake**
President,
HBPA

**Pat Shefland**
Simulcast Coordinator
Horseman's Park

Approved by NE State Racing Commission
Tom Sage-Executive Secretary

Dennis Lee-Chairman

# WINTER SIMULCAST AGREEMENT 2017

## HORSEMEN'S PARK

(January 1, 2017 through February 19, 2017)

It is hereby agreed between "Horsemen's Park" and the Nebraska Division of the Horsemen's Benevolent & Protective Association, Inc., hereinafter referred to as "HBPA" that Horsemen's Park has the permission of the HBPA to interstate simulcast from the attached list of tracks for their respective fees.

The permission of the HBPA is expressly granted on the condition that after the cost of the signal, pari-mutuel taxes, Breeders' Fund and the Commission Fund and any other statutory requirements are deducted that the balance will be split as follows: 52% of initial track share to Horsemen's Park, 47% of the initial track share for purses at Horsemen's Park, and 1% of the initial track share for the Nebraska HBPA or as per any addendums.

Parties further agree that all interstate simulcasting revenues dedicated for purse money shall be escrowed in a financial institution to bear interest and such interest shall be paid to the Nebraska HBPA Employee Benefit Trust Fund at the start of their succeeding live thoroughbred race meet (or as per any addendums) and further that Horsemen's Park shall give an accounting of these funds to the HBPA on a weekly basis.

It is further agreed by and between the parties that either party my cancel this agreement upon 48 hours written notice.

Dated this _____ | 3 _____ Day of December 2016

_Barry Lake_
**Barry Lake**
President
Nebraska HBPA

**Pat Shefland**
Simulcast Coordinator
Horseman's Park

---

Approved by NE State Racing Commission

Tom Sage-Executive Secretary

Dennis Lee-Chairman

_December 29, 2016_
_Tom Sage_

# <u>WINTER SIMULCAST AGREEMENT 2018</u>

## *Horsemen's Park*

### (January 1 through February 22, 2018)

It is hereby agreed between **"Horsemen's Park"** and the Nebraska Division of the Horsemen's Benevolent & Protective Association, Inc., hereinafter referred to as **"HBPA"** that Horsemen's Park has the permission of the HBPA to interstate simulcast from the attached list of locations for their respective fees.

The permission of the HBPA is expressly granted on the condition that after the cost of the signal, pari-mutuel taxes, breeders' fund and the Commission Fund and any other statutory requirements are deducted that a portion of the balance will be used to fund one hundred percent (100%) of purses in 2018, ~~based on up to ten (10) live race days.~~

HP

~~(DOES NOT APPLY BECAUSE WE PAY RENT TO HBPA)~~

~~Parties further agree that all interstate simulcasting revenues dedicated for purse money shall be escrowed in a financial institution to bear interest and such interest shall be paid to the Nebraska HBPA Employee Benefit Trust Fund at the start of their succeeding live thoroughbred race meet (or as per any addendums) and further that Horsemen's Park shall give supporting documentation and an accounting of these funds to the HBPA on a weekly basis.~~ Horsemen's Park will also allow the Nebraska HBPA to have electronic access to itemization of these funds, identified in common usage as track handle for each track with which is does business

It is further agreed by and between the parties that either party may cancel this agreement upon 48 hours written notice.

Dated this 21st day of December, 2017

*Barry Lake*
**Barry Lake**
President,
HBPA

*Pat Shefland*
**Pat Shefland**
Simulcast Coordinator
Horseman's Park

---

Approved by NE State Racing Commission
Tom Sage-Executive Secretary _____

Dennis Lee-Chairman _____



6303 "Q" Street  •  Omaha, NE 68117  •  Ph: 402.731.2900  •  Fax 402.731.5122
www.horsemenspark.com

December 18, 2017

Tom Sage
Ne Racing Commission
Lincoln, NE
RE: Simulcast Request for Horsemen's Park

The following simulcasting schedule is submitted for your approval.  We are seeking approval
from January 1 through December 31, 2018

| TRACK | RATE | | |
|---|---|---|---|
| Aqueduct | 6.5% | Gulfstream - Pegasus World Cup | 10.20% |
| Arapahoe Park | 3% | Hawthorne | 3.25% |
| Arlington | 4% | Indiana Downs | 4% |
| Arlington Million | 5% | Keeneland | 3.75% or 4.85% |
| Belmont | 6.5% | Kentucky Downs | 3% |
| Belm Day, Belm Stakes &Travers | 9% | Laurel | 4.25% |
| Belm NYRA DD & True Met DD | 9% | Lincoln Race Course | |
| Belterra | 3% | Lone Star | 3.5% |
| Breeders' Cup | TBD | Los Alamitos | 6.15% & 6.65% |
| Ca Fairs | 4.4% & 4.9% | Louisiana Downs | 3.3% |
| Canterbury | 4% | Mahoning Valley | 3% |
| Charles Town | 3% | Meadowlands Harness | 3.5% |
| Churchill | 7% | Meadowlands @ Monmouth | 4.25% |
| Kent Derby, Kent Oaks, P-3, etc | 10.80% | Mohawk | 3% |
| Derby/Oaks Futures & DD Futures | 7.5% | Monmouth Park | 4.25% |
| Columbus | | Mountaineer | 3% |
| Del Mar | 6.15% & 6.65% | Northfield Harness | 3% |
| Delaware Park | 3% | Oaklawn | 4% |
| Delta Downs | 3% | Oaklawn Hdcp & Ark Derby | 5% |
| Dubai World Cup | 6.5% | Penn Nat | 3% |
| Ellis Park | 3% | Philadelphia Park (Parx) | 3% |
| Emerald Downs | 3% | Pimlico | 4.25% |
| Evangeline Park | 3% | Preakness & Black Eyed Susan | 10.2% |
| Fairgrounds | 4% | Pleasanton   (Ca Fair)(Oak Tree) | 4.4% & 4.9% |
| Fairgrounds - Louisiana Derby | 5% | Pomona @ Los Alamitos | 4.4% & 4.9% |
| Ferndale   (CA Fairs) | 4.4% & 4.9% | Prairie Meadows | 2.5% |
| Finger Lakes | 4% | Presque Isle | 3% |
| Fonner Park | | Remington | 3% |
| Fort Erie | 3.25% | Retama | 3% |
| Fresno   ( CA Fairs) | 4.4% & 4.9% | Sacramento   (Ca Fair) | 4.4% & 4.9% |
| Golden Gate | 5.15% & 5.65% | Sam Houston | 3% |
| Gulfstream | 6% | | |
| Gulfstream Park West/Calder | 6% | | |

Page 2   Horsemen's Park

| | |
|---|---|
| Santa Anita | 6.15% & 6.65% |
| Santa Rosa   (Ca Fairs) | 4.4% & 4.9% |
| Saratoga | 6.5% |
| Stockton   (Ca Fairs) | 4.4% & 4.9% |
| Sunland | 3% |
| Tampa Bay Downs | 4.5% |
| Thistledown | 3% |
| Turf Paradise | 3.375% |
| Turfway | 3.25% |
| Will Rogers Downs | 3% |
| Woodbine | 3% |
| Woodbine Harness | 3% |
| Zia Park | 3% |

Please let me know that we have your approval.

Sincerely;

Patricia Shefland
Simulcast Coordinator
Omaha Exposition & Racing,  d/b/a Horsemen's Park

cc:  H.B.P.A. INC

# WINTER SIMULCAST AGREEMENT 2018
## *Lincoln Race Course*
### (January 1 through February 22, 2018)

It is hereby agreed between **"Lincoln Race Course"** and the Nebraska Division of the Horsemen's Benevolent & Protective Association, Inc., hereinafter referred to as **"HBPA"** that Lincoln Race Course has the permission of the HBPA to interstate simulcast from the attached list of locations for their respective fees.

The permission of the HBPA is expressly granted on the condition that after the cost of the signal, pari-mutuel taxes, breeders' fund and the Commission Fund and any other statutory requirements are deducted that a portion of the balance will be used to fund one hundred percent (100%) of purses in 2018, ~~based on up to ten (10) live race~~ days. *↓ LRC*

*(Does not apply because we pay rent to HBPA)*
~~Parties further agree that all interstate simulcasting revenues dedicated for purse money shall be escrowed in a financial institution to bear interest and such interest shall be paid to the Nebraska HBPA Employee Benefit Trust Fund at the start of their succeeding live thoroughbred race meet (or as per any addendums) and further that Horsemen's Park shall give supporting documentation and an accounting of these funds to the HBPA on a weekly basis.~~ Lincoln Race Course will also allow the Nebraska HBPA to have electronic access to itemization of these funds, identified in common usage as track handle for each track with which is does business.

It is further agreed by and between the parties that either party may cancel this agreement upon 48 hours written notice.

Dated this 21st day of December, 2017

*Barry Lake*
_____
**Barry Lake**
President,
HBPA

*Pat Shefland*
_____
**Pat Shefland**
Simulcast Coordinator
Horseman's Park & Lincoln Race Course

---

Approved by NE State Racing Commission
Tom Sage-Executive Secretary

_____

Dennis Lee-Chairman

_____

# LINCOLN RACE COURSE
## Winner's Circle Sports Bar & Grille



7055 S 1st Street  Lincoln, NE  68512
phone 402-474-5371     fax 402-473-4281     www.lincolnracing.com

December 18, 2017

Tom Sage
Ne Racing Commission
Lincoln, NE
RE:  Simulcast Request for Lincoln Race Course

The following simulcasting schedule is submitted for your approval.   We are seeking approval
from January 1 through December 31, 2018

| TRACK | RATE | | |
|---|---|---|---|
| Aqueduct | 6.5% | Gulfstream - Pegasus World Cup | 10.20% |
| Arapahoe Park | 3% | Hawthorne | 3.25% |
| Arlington | 4% | Indiana Downs | 4% |
| Arlington Million | 5% | Keeneland | 3.75% or 4.85% |
| Belmont | 6.5% | Kentucky Downs | 3% |
| Belm Day, Belm Stakes &Travers | 9% | Laurel | 4.25% |
| Belm NYRA DD & True Met DD | 9% | Lincoln Race Course | |
| Belterra | 3% | Lone Star | 3.5% |
| Breeders' Cup | TBD | Los Alamitos | 6.15% & 6.65% |
| Ca Fairs | 4.4% & 4.9% | Louisiana Downs | 3.3% |
| Canterbury | 4% | Mahoning Valley | 3% |
| Charles Town | 3% | Meadowlands Harness | 3.5% |
| Churchill | 7% | Meadowlands @ Monmouth | 4.25% |
| Kent Derby, Kent Oaks, P-3, etc | 10.80% | Mohawk | 3% |
| Derby/Oaks Futures & DD Futures | 7.5% | Monmouth Park | 4.25% |
| Columbus | | Mountaineer | 3% |
| Del Mar | 6.15% & 6.65% | Northfield Harness | 3% |
| Delaware Park | 3% | Oaklawn | 4% |
| Delta Downs | 3% | Oaklawn Hdcp & Ark Derby | 5% |
| Dubai World Cup | 6.5% | Penn Nat | 3% |
| Ellis Park | 3% | Philadelphia Park (Parx) | 3% |
| Emerald Downs | 3% | Pimlico | 4.25% |
| Evangeline Park | 3% | Preakness & Black Eyed Susan | 10.2% |
| Fairgrounds | 4% | Pleasanton   (Ca Fair)(Oak Tree) | 4.4% & 4.9% |
| Fairgrounds - Louisiana Derby | 5% | Pomona @ Los Alamitos | 4.4% & 4.9% |
| Ferndale    (CA Fairs) | 4.4% & 4.9% | Prairie Meadows | 2.5% |
| Finger Lakes | 4% | Presque Isle | 3% |
| Fonner Park | | Remington | 3% |
| Fort Erie | 3.25% | Retama | 3% |
| Fresno     ( CA Fairs) | 4.4% & 4.9% | Sacramento    (Ca Fair) | 4.4% & 4.9% |
| Golden Gate | 5.15% & 5.65% | Sam Houston | 3% |
| Gulfstream | 6% | | |
| Gulfstream Park West/Calder | 6% | | |

Page 2        Lincoln Race Course

| | |
|---|---|
| Santa Anita | 6.15% & 6.65% |
| Santa Rosa    (Ca Fairs) | 4.4% & 4.9% |
| Saratoga | 6.5% |
| Stockton   (Ca Fairs) | 4.4% & 4.9% |
| Sunland | 3% |
| Tampa Bay Downs | 4.5% |
| Thistledown | 3% |
| Turf Paradise | 3.375% |
| Turfway | 3.25% |
| Will Rogers Downs | 3% |
| Woodbine | 3% |
| Woodbine Harness | 3% |
| Zia Park | 3% |

Please let me know that we have your approval.

Sincerely;

Patricia Shefland
Simulcast Coordinator
Omaha Exposition & Racing,  d/b/a Lincoln Race Course

cc:  H.B.P.A. INC

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | |
|---|---|
| OMAHA EXPOSITION AND RACING, INC, a Nebraska Non-Profit Corporation | CI 17- |
| Plaintiff, | **AFFIDAVIT OF MICHAEL NEWLIN** |
| vs. | |
| NEBRASKA STATE RACING COMMISSION, | |
| Defendant. | |

EXHIBIT

5

STATE OF NEBRASKA )
                   ) SS.
COUNTY OF DOUGLAS )

COMES NOW Michael Newlin, hereinafter "Affiant", and being first duly sworn under oath, and states that the following information is within his personal knowledge and belief and that he is competent regarding matters addressed herein:

1. Affiant is adult and is competent to testify to the following matters from his personal knowledge and observation.

2. Affiant is employed by Omaha Exposition and Racing, Inc., a Nebraska Non-Profit Corporation ("OER") serving in the capacity of Vice President of Racing and General Manager of Horsemen's Park, a licensed race track enclosure which conducts live horse racing meets and simulcasting of live horse racing at other facilities throughout the United States, pursuant to a license issued by the Nebraska Racing Commission and a contract with the Nebraska Horsemen's Benevolent Protective Association, Inc. (NHBPA).

3. In order to conduct simulcasting, OER is required to be licensed by the Nebraska State Racing Commission as a licensed race track enclosure as defined by Nebraska law, must conduct at least one live race of Nebraska Bred Thoroughbred horses each year, and must have a contract with NHBPA.

4. OER has been in existence since 1998, constructing Horsemen's Park race track and simulcasting facility in Omaha, Douglas County, following the closure of the Ak-Sar-Ben Race Track and simulcasting facility in Omaha.  More recently, following the closure of Nebraska State Fair's horseracing operations, OER constructed the Lincoln Race Course in southwest Lincoln, Lancaster County, Nebraska where it constructed a horseracing track and simulcasting facility.

5. Typically, in the fall of each calendar year, OER executes a contract with NHBPA regarding simulcasting setting forth the terms and conditions of OER's operation of such as required by Nebraska Law.  Thereafter, OER submits a written application to the Nebraska State Racing Commission ("NRC") for authority to conduct simulcasting operations for the next calendar year.  I believe the NRC approved OER's written applications on or about October 25, 2017, at a regular monthly meeting.

6. OER's written applications to the NRC for authority to conduct simulcasting operations at Horsemen's Park and Lincoln Race Course for calendar year 2018 complied with all NRC and NHBPA and other requirements in order for its applications to be approved and such have been approved, including having an executed agreement with NHBPA for 2018.

7. On December 27, 2017, the NRC, communicated to OER that it was ordering it to cease simulcasting operations at 11:59:59, December 31, 2017, due to the lack of a contract having been executed between NHBPA and Hall County Livestock Improvement Association d/b/a Fonner Park ("Fonner Park") and despite having previously approved OER's applications (and Columbus Race Track's application).

8. The NRC has previously had another period when Fonner Park and NHBPA's contract expired without approval for approximately three weeks following May 7, 2017, but the NRC did not communicate any order or directive to OER or any other licensed racetrack to my knowledge, that they were to cease and desist.

9. I am personally unaware of any basis in which to allow the NRC to rescind a duly granted application to conduct simulcasting and the NRC's own precedent supports my understanding in this regard.

10. If OER is required to cease simulcasting operations on December 31, 2017, as ordered by the NRC, on January 1, 2018, alone, OER will lose approximately $150,000 in simulcasting wagering handle at Horsemen's Park and $75,000 at Lincoln Race Course. On January 1, 2018, alone.  Moreover, OER's monthly simulcasting wagering in the months of January, Febuary and March averages, approximately $2,900,000 per month in simulcasting wagering handle at Horsemen's Park and approximately $1,300,000 per month at Lincoln Race Course.

11. OER employs approximately 85 employees at Horsemen's Park and 55 employees at Lincoln Race Course. If OER is required to suspend simulcasting operations on December 31, 2017, most of our employees, save a few high level management and security personnel will have to be immediately laid off, causing staggering financial losses to our employees, unemployment claims to the State of Nebraska, and financial losses to our vendors.

12. If OER is required to suspend simulcasting on December 31, 2017, many of its customers will resort to simulcasting wagering with competitors located in primarily in Council Bluffs, Iowa as well as readily accessible online wagering

platforms offered by Twin Spires (Churchill Downs) and others, and risks a

percentage of customers are likely not to return.

FURTHER AFFIANT SAYETH NOT.



Michael Newlin

    I certify that on the 27th day of December, 2017, the above-named individual, Michael Newlin, who is personally known to me or who provided sufficient identification to me, did appear before me to sign the above and did swear and affirm that information contained in this Affidavit is true and accurate to the best of his present knowledge and belief.

CYNTHIA MARIE MONTZKA
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/19

Notary Public

**Christopher Jerram**

| | |
|---|---|
| **From:** | Sage, Tom <Tom.Sage@nebraska.gov> |
| **Sent:** | Friday, December 29, 2017 11:43 AM |
| **To:** | BruceSwihart; toddwotto@gmail.com; Dan Clarey; Christy Harris; Mike Newlin; Pat Shefland; dwaters@ldmlaw.com; Christopher Jerram; wmvon@sentco.net; loperland@yahoo.com; barryklake@yahoo.com; Lynn Schuller |
| **Cc:** | denny@leelawoffice.com; Jannell Beveridge; Helen Feller; Helen Abbott Feller; Jeff Galyen; pattlaw@netzero.net |
| **Subject:** | Reminder |

This is a reminder that without the Nebraska State Racing Commission's approval of simulcasting agreements between the HBPA and all Nebraska thoroughbred tracks before 11:59:59 pm on December 31, 2017, all tracks must cease all interstate simulcasting at 12:00 a.m. on January 1, 2018.

If the HBPA and all thoroughbred tracks enter into a simulcasting agreement to begin January 1, 2018, the Racing Commission will make itself available over the weekend to provide verbal approval of the agreements so that interstate simulcasting may continue uninterrupted commencing on January 1, 2018.

---

**Total Control Panel**                                                                                  Login

To: cjerram@woglaw.com            Remove this sender from my allow list
From: tom.sage@nebraska.gov

*You received this message because the sender is on your allow list.*



IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| OMAHA EXPOSITION AND RACING, INC., | ) ) ) | Case No. CI 17-4564 |
| Petitioner, | ) ) ) | |
| v. | ) ) | |
| NEBRASKA STATE RACING COMMISSION; NEBRASKA HORSEMAN'S BENEVOLENT AND PROTECTIVE ASSOCIATION, INC.; HALL COUNTY LIVESTOCK IMPROVEMENT ASSOCIATION, INC. d/b/a FONNER PARK; COLUMBUS EXPOSITION AND RACING, INC.; and NEBRASKA THOROUGHBRED BREEDERS ASSOCIATION, | ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Respondents. | ) ) | |

On December 29, 2017, this case came before the Court for a telephonic hearing on the Application for Stay filed by Petitioner Omaha Exposition and Racing, Inc. Christopher D. Jerram appeared for the Petitioner. Laura A. Nigro appeared for Respondent Nebraska State Racing Commission.

The Court denies Petitioner's Application for Stay. The Petition for Judicial Review refers to a final order directing the Petitioner to cease its simulcasting operations effective December 31, 2017. Yet the Petitioner failed to attach a duplicate copy of the final decision as required by Neb. Rev. Stat. § 84-917(2)(b) (Reissue 2014).

The Administrative Procedure Act permits judicial review only for those persons aggrieved by final decisions in contested cases. The documents before the Court do not show that the Petitioner is seeking review of a final decision in a contested case.

Petitioner's Application for Stay is therefore **DENIED**.

DATED this 29th day of December, 2017.

BY THE COURT:

Andrew R. Jacobsen
District Court Judge

**EXHIBIT**
7